Román and Gische, JJ.,
dissent in a memorandum by Gische, J., as follows: I respectfully dissent and would affirm the motion court’s order denying defendant’s motion for summary judgment dismissing the complaint. Although I agree with the majority analysis that the Administrative Code of the City of New York does not apply, I believe there are factual issues regarding whether there was a dangerous condition and whether the warnings were adequate.
Plaintiff Hideki Sato was injured when he fell down defendants’ stairs. There exists a triable issue of fact as to whether the condition of the corridor and the stairs was a cause of plaintiff s fall. Plaintiff testified that he never saw the stairs due to a lack of illumination and the fact that the stairs, wall and ceiling were all black, creating an optical illusion (see Cherry v Daytop Vil., Inc., 41 AD3d 130 [1st Dept 2007]). An adequate warning will not preclude liability where the premises are not otherwise reasonably safe (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70 [1st Dept 2004]).
There are also factual disputes about the warning signs. Plaintiff denies even seeing the warnings, and otherwise raises legitimate issues regarding the adequacy (including size, color and lettering) of the signs defendant claims were there (see Walter v State of New York, 185 AD2d 536 [3d Dept 1992]). [Prior Case History: 2012 NY Slip Op 31290(U).]